IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| LISA ANDERSON, TRUSTEE for DELFORD SMITH, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 180263R |
| v. | ) ) | |
| YAMHILL COUNTY ASSESSOR, | ) ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appeals Defendant's real property assessments for property identified as Account number 106717 (subject property) for the 2015-16 and 2016-17 tax years. A trial was held on February 20, 2019, in the courtroom of the Oregon Tax Court. Alex Robinson appeared on behalf of Plaintiff. Chris E. Paulsen ("Paulsen") testified on behalf of Plaintiff. Christopher Lanegan and Shawn Beaton appeared on behalf of Defendant. Defendant presented no witnesses. Plaintiff's Exhibits 1 and 2 were admitted into evidence without objection. Defendant's Exhibits A to C were admitted into evidence without objection.

## I. STATEMENT OF FACTS

The facts of this case have been truncated from those presented at trial because Plaintiff's evidence of value did not encompass the actual dimensions and character of the subject property. Based on the mismatch of evidence the court finds that Plaintiff did not meet its burden of proof to reduce the real market and assessed values of the subject property for the tax years in issue.

Plaintiff appealed the subject property's 2017-18 property tax assessment to the Yamhill County Board of Property Tax Appeals. (Compl at 1.) Plaintiff's appeal was resolved by stipulation, reducing the 2017-18 total real market value from $16,857,993 to $4,700,000 and reducing the assessed value from $7,600,020 to $4,377,257. (*Id.* at 3.) Plaintiff brought this

appeal to the court for the prior two tax years on the theory that the real market and assessed values for the previous years should be adjusted according to real market value trends.

Paulsen testified that he has been an appraiser in Oregon since 2004 and is currently performing 500 to 600 appraisals per year. Paulsen testified that the subject property consists of a unique riverfront property in Dundee with an 18,000-square-foot residence, guest house, and surrounding 46.6 acres with a tennis and sports court. He determined the highest and best use of the property was as a single-family residence based on county zoning restrictions. Paulsen selected five comparable properties, adjusted for date of sale, size and amenities and concluded that real market value of the property for 2015-16 and 2016-17 tax years was $3,000,000 and $3,100,000 respectively.

On cross examination, Paulsen testified that sometime in 2016 the subject property was partitioned and approximately 406 acres of farmland was removed from the tax account under appeal in this case. He testified that if the farmland acreage had been included, the appraisal would have been prepared differently to account for income producing farm property. (Ptf's Ex 1 at 4) (Plaintiff's appraisal report shows site considered consisted of 48.6 acres).)

## II. ANALYSIS

The issue for this case is the real market value of the subject property for the 2015-16 and 2016-17 tax years. "Real market value is the standard used throughout the ad valorem statutes except for special assessments." *Richardson v. Clackamas County Assessor*, TC-MD 020869D, WL 21263620 at *2 (Or Tax M Div Mar 26, 2003) (citations omitted). Real market value is defined in ORS 308.205(1),[1] which states:

> "Real market value of all property, real and personal, means the amount in

---

[1] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2013. Any updates to tax years 2015 and 2016 will be referenced, if applicable.

cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."

The assessment dates for the 2015-16 and 2016-17 tax years are January 1, 2015, and January 1, 2016, respectively. ORS 308.007; ORS 308.210. The real market value of all property "shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue[.]" ORS 308.205(2). The three approaches to value that must be considered are: (1) the cost approach; (2) the sales comparison approach; and (3) the income approach. OAR 150-308-0240(2)(a). Although all three approaches must be considered, all three approaches may not be applicable in a given case. *Id*.

The sales comparison approach "may be used to value improved properties, vacant land, or land being considered as though vacant." *Chambers Management Corp v. Lane County Assessor*, TC-MD 060354D, WL 1068455 at *3 (Or Tax M Div Apr 3, 2007) (citations omitted). "The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property. *Richardson*, 2003 WL 21263620 at *3.

> "In utilizing the sales comparison approach only actual market transactions of property comparable to the subject, or adjusted to be comparable, may be used. All transactions utilized in the sales comparison approach must be verified to ensure they reflect arms-length market transactions. When nontypical market conditions of sale are involved in a transaction (duress, death, foreclosures, interrelated corporations or persons, etc.), the transaction may not be used in the sales comparison approach unless market-based adjustments can be made for the nontypical market condition."

OAR 150-308-0240(2)(c).

Plaintiff bears the burden of proof and must establish her case by a preponderance of the evidence. ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). "[I]t is not enough for a taxpayer to criticize a county's position. Taxpayers must provide

"competent evidence of the [real market value] of their property." *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

Plaintiff presented evidence of real market value of the subject property using the sales comparison approach based on the property as it was in 2018. However, the subject property had been partitioned after the 2016 assessment date and was substantially different for the assessment dates in issue. Specifically, the subject property had over 400 acres of income producing farmland on the assessment dates in issue. Plaintiff only presented evidence of value for the residence and surrounding 46.6 acres. Because the appraisal report failed to take into account the 400 acres on the subject property during the relevant tax years, the court is unable to establish the real market value of the subject property for the 2015-16 and 2016-17 tax years. Therefore, Plaintiff's appeal must be denied.

III.  CONCLUSION

Plaintiff has failed to meet the burden of proof to reduce the value of the real property identified as Account 106717. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of March, 2019.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on March 19, 2019.*